UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIKAH STEVENSON,

        Plaintiff,                                             Hon. Janet T. Neff

v.                                                            Case No. 1:19-CV-362

JASON ROBERTS, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on May 6, 2019, against Dr. Jason Roberts and "all listed hospitals and individual humans associated with [the] hospitals" where Plaintiff received medical care. (ECF No. 1). As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be **dismissed**.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff alleges that Defendants committed medical malpractice under Michigan law and also violated her rights under the Eighth, Fourteenth, and Twenty-Ninth amendments to the United States Constitution.

Michigan law articulates certain requirements that must be satisfied before an individual can assert a claim for medical malpractice. One such requirement is that a plaintiff alleging medical malpractice must file with her complaint an affidavit of merit executed by a health professional. *See* Mich. Comp. Laws § 600.2912d. Plaintiff has failed to include the required affidavit of merit which is fatal to her claims of medical malpractice. *See, e.g., Scarsella v. Pollak*, 591 N.W.2d 257, 258 (Mich. Ct. App. 1999).

With respect to Plaintiff's claims of constitutional injury, the Court first notes that there

does not exist a twenty-ninth amendment to the United States Constitution. As for Plaintiff's Eighth and Fourteenth Amendment claims, Plaintiff must establish that her rights were violated by a state actor or someone acting under color of state law. *See* 42 U.S.C. § 1983; *Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007). Plaintiff has failed to allege facts from which a reasonable person could conclude that any Defendant is properly characterized as a state actor with respect to the circumstances giving rise to this action. Moreover, Plaintiff has failed to allege facts demonstrating that her rights under the Eighth or Fourteenth Amendment were violated.

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: May 15, 2019          /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge

3